UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JESUS EMERY M. F.,

      Petitioner,

    v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY,

      Respondent.

No. 1:26-cv-01374-TLN-CKD

**ORDER**

This matter is before the Court on Petitioner Jesus Emery M. F.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Respondent filed a Motion to Dismiss.  (ECF No. 8.) For the reasons set forth below, the Court granted Petitioner's Writ of Habeas Corpus and ordered his immediate release on March 10, 2026.  (ECF No. 10.)

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a native and citizen of Venezuela.  (ECF No. 8 at 1.)  Petitioner was admitted

---

[1]    As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

to the United States on April 5, 2023 as a J1 nonimmigrant with authorization to remain in the United States until May 23, 2024.  (ECF No. 8-1 at 2.)  Petitioner remained in the United States beyond May 23, 2024.  (*Id.*)

On July 17, 2025, Petitioner was charged with unlawful detention and domestic violence in the presence of a child.  (ECF No. 8-2 at 3.)  On October 16, 2025, Petitioner was arrested for violating a protective order.  (*Id.*)  On October 21, 2025, Petitioner was detained and served with a Notice to Appear.  (ECF No. 1 at 19; ECF No. 8-2 at 3.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   ANALYSIS

Respondent contends Petitioner's detention is governed by 8 U.S.C. § 1226(a) ("§ 1226(a)").  (ECF No. 8 at 2 n. 1.)

Section 1226(a) provides:

> **On a warrant** issued by the Attorney General, a[ ] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States. . . . [T]he Attorney General--
>
> (1) may continue to detain the arrested [noncitizen]; and
>
> (2) may release the [noncitizen] on--

(A) bond . . . ; or

(B) conditional parole[.]

§ 1226(a) (emphasis added).  "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) (emphasis in original).

The language of § 1226(a)'s warrant requirement is unequivocal and does not afford the Government forgiveness simply by providing a bond hearing after the fact.  *Yociris P. v. Bondi*, No. 26-CV-1080 (ECT/EMB), 2026 WL 327937, at *3 (D. Minn. Feb. 8, 2026) ("Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." (quoting Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008))).)  Instead, such a violation calls for release.  *See*, *e.g.*, *A.E.R.T. v. Wofford*, No. 1:25-CV-01824-KES-SKO, 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) (finding immediate release the appropriate remedy where petitioner was arrested without a warrant in violation of § 1226(a)); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (same).

Here, there is no evidence that a warrant was ever issued for Petitioner's arrest.  As the record does not demonstrate Respondent complied with the express terms of § 1226(a), Petitioner's arrest and detention under that authority is improper.  Petitioner's detention under that statute therefore violates federal law.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)  IT IS HEREBY ORDERED:

1.  Respondent must file a notice certifying compliance with the release provision of the Court's March 10, 2026 Order (ECF No. 10) within two (2) court days from the date of this Order.

3

2.  Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with statutory and constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.  The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: March 26, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4